UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-80771-RAR

**LYNN MARIE JUILLERAT**, *et al.*,

    Plaintiffs,

v.

**SAFECO INSURANCE CO. OF ILLINOIS**,

    Defendant.

_____/

**ORDER DENYING MOTION TO CONTINUE TRIAL AND PRE-TRIAL DEADLINES**

    **THIS CAUSE** comes before the Court upon Defendant Safeco Insurance Company of Illinois's ("Safeco") Motion to Continue Trial and Pre-trial Deadlines [ECF No. 34] ("Motion"), filed on October 19, 2022.[1] Having considered Defendant's Motion, the parties' submissions, the record, and being otherwise fully advised, it is hereby

    **ORDERED AND ADJUDGED** that Defendant's Motion [ECF No. 34] is **DENIED** for the reasons stated herein.

**BACKGROUND**

    The following facts are based on a review of the record and the parties' submissions. This case centers around an insurance dispute that Defendant removed to this Court on May 23, 2022. Notice of Removal [ECF No. 1] at 1. The operative Complaint asserts one count against Safeco for allegedly failing to pay uninsured motorist benefits owed to Plaintiffs. Amended Complaint

---

[1] The Motion is fully briefed and ripe for adjudication. *See* Pl.'s Resp. Opp'n to Def.'s Mot. to Continue Trial and Pre-trial Deadlines ("Response") [ECF No. 37]; Def. Safeco Insurance Company of Illinois's Reply to Pl.'s Resp. to Def.'s Mot. to Continue Trial and Pre-trial Deadlines ("Reply") [ECF No. 38].

[ECF No. 8]. On June 15, 2022, the Court entered a Scheduling Order that, relevant to the Motion, included the following deadlines:

> **October 4, 2022**. The parties shall exchange expert witness summaries or reports.
> **October 18, 2022**. The parties shall exchange rebuttal expert witness summaries or reports.
> **November 1, 2022**. All discovery, including expert discovery, shall be completed.

[ECF No. 16] at 2. On July 7, 2022, an employee with Liberty Mutual Insurance Company acting on behalf of defense counsel submitted inquiries with three orthopedic spinal surgeons to schedule a physical examination of Plaintiff Lynn M. Juillerat. Aff. of Kelly Vinson [ECF No. 38-2] ¶ 4. A week later, Defendant's counsel received potential dates for the examination, the earliest of which was November 7, 2022, after the deadline to conduct expert discovery. *Id.* ¶ 5.

Defendant's counsel first conferred with Plaintiffs' counsel about Mrs. Juillerat attending a November 7, 2022 physical examination on September 12, 2022, almost two months after placing the above inquiries. [ECF No. 37-2]. Plaintiffs' counsel quickly noted this was outside the Court's deadline for expert discovery, and Defendant's counsel indicated that she would "see if the court grants [her] a brief extension." *Id.* Three days later, Defendant's counsel underwent surgery and has subsequently experienced complications, leading new counsel to appear on behalf of Defendant. Aff. of Isabel V. Alvarez in Supp. of Def., Safeco Insurance Company of Illinois's Mot. to Continue Trial and Pre-Trial Deadlines [ECF No. 34] Ex. A ¶¶ 2, 5.[2]

Defendant's prior counsel first requested an extension by improperly including a request to extend the discovery deadline in a Discovery Status Report the day before expert disclosures were due. [ECF No. 25] at 2. In this Status Report, counsel did not represent that further fact depositions were required and indicated the medical examination could be rescheduled to

---

[2] The Court notes, however, that Defendant has been represented by two other counsel, who remain counsel of record, for the entirety of this Court's proceedings. *See, e.g.*, [ECF No.1].

November 14, 2022.[3] *Id.* Magistrate Judge Maynard informed counsel this was improper the following day and that "requests for discovery extensions must be made by appropriate motion." [ECF No. 26].

Defendant's counsel then took no action to seek an extension until she filed the instant Motion after both the deadline for the parties to exchange expert witness summaries or reports and the deadline for the parties to exchange rebuttal expert witness summaries or reports had lapsed. *See* Scheduling Order at 2. Counsel asks the Court to extend the deadline for the parties to make expert disclosures, the deadline to conduct discovery, and the deadline for Plaintiff to undergo a physical examination all to January 31, 2023 so she may: (1) depose two additional fact witnesses; (2) schedule a physical examination of Plaintiff Lynn Juillerat; and (3) subpoena healthcare providers to "obtain medical records" for expert review. Mot. at 2–3. Defense counsel also requests to continue trial, currently scheduled for February 27, 2023, until April 2023.

## LEGAL STANDARD

A "district court has unquestionable authority to control its own docket and broad discretion in deciding how best to manage the cases before it . . . ." *Guice v. Sec'y, Dep't of Labor*, 754 F. App'x 789, 791 (11th Cir. 2018) (citing *Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014)). "A continuance of any trial, pretrial conference, or other hearing will be granted only on exceptional circumstances." S.D. Fla. Local Rule 7.6. Federal Rule of Civil Procedure 16 requires the district court to issue a scheduling order that "limit[s] the time to join other parties, amend the pleadings, complete discovery, and file motions." FED. R. CIV. P. 16(b)(3)(A). A scheduling order may only be modified "for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). Typically, this "precludes modification unless the schedule

---

[3] Defendant's counsel subsequently requested on October 26, 2022 that Plaintiff attend a physical examination scheduled for November 14, 2022. *See* Reply at 3; [ECF No. 38-6].

cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (internal quotation marks omitted). Thus, a party seeking an extension must show good cause as well as diligence in attempting to meet the court's deadlines. *Romero v. Drummond Co., Inc.*, 552 F.3d 1303, 1319 (11th Cir 2008).

Federal Rule of Civil Procedure 6 states that when a party seeks to extend an expired deadline the court may extend the deadline for good cause "if the party failed to act because of excusable neglect."[4] FED. R. CIV. P. 6(b)(1)(B). Determining what constitutes excusable neglect is an equitable exercise, and the court must "tak[e] into account the totality of the circumstances surrounding the party's omission." *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 934 (11th Cir. 2007). These circumstances include the *Pioneer* factors: (1) "the danger of prejudice to the [opposing party]"; (2) "the length of the delay and its potential impact on judicial proceedings"; (3) "the reason for the delay, including whether it was within the reasonable control of the movant," and (4) "whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 395 (1993).

## **ANALYSIS**

Defendant's counsel has not demonstrated either good cause or excusable neglect. As to good cause, counsel's lack of diligence is apparent. Prior counsel knew by July 14, 2022 that the three physicians she placed inquiries with were unavailable before the relevant deadlines. *See* [ECF No. 38-2] ¶ 5. She waited nearly two months to confer with Plaintiffs' counsel about this appointment, and current counsel only filed this Motion after multiple deadlines lapsed. This delay is punctuated by the fact that Magistrate Judge Maynard informed counsel, before any deadline

---

[4] It is not clear this Rule applies in the context of an expired deadline contained in a Scheduling Order. *Compare Sosa*, 133 F.3d at 1418 (applying only good cause), *with Payne v. C.R. Bard, Inc.*, 606 F. App'x 940, 944 (11th Cir. 2015) (requiring both good cause and excusable neglect). The Court applies both standards to its analysis of the deadlines that were lapsed at the time Defendant filed its Motion.

lapsed, that counsel needed to file a proper motion to request an extension. [ECF No. 26]. Additionally, the only reason for the current delay in deposing the two fact witnesses is counsel's "calendar conflicts and case load." Mot. Ex. A ¶ 14. This is not good cause to extend this Court's deadlines and does not represent what efforts were taken before counsel's appearance in this matter, which occurred near the end of the discovery period. *See Flosports, Inc. v. Loud and Live Fitness, LLC*, No. 21-21740, 2022 WL 3682068, at *2 (S.D. Fla. Feb. 18, 2022) ("[T]he most plausible explanation for Defendant's counsel's delay is that Defendant's counsel had simply taken on too many other cases and prioritized them to the underlying action's detriment.").

Counsel's reasons for failing to meet the Court's deadlines are unavailing. Counsel cites a general "difficulty in scheduling physical examinations" because of "scarcity and multiple Case Management Deadlines that have been promulgated in multiple lawsuits pending within Florida state trial courts." Mot. at 2. Counsel attests this is "due to the backlog of several potential medical experts [sic] unavailability to perform such examinations" before the deadlines. *Id.* Ex. A ¶ 9. As addressed above, the Court does not find the existence of deadlines promulgated in other matters to be good cause for an extension, particularly given the lack of diligence in requesting the Court to extend its deadlines. *Flosports, Inc.*, 2022 WL 3682068, at *2. This is especially true where, as here, Defendant chose to remove this action from state court and then counsel failed to meet this Court's deadlines. The referenced "scarcity" is also unavailing because the accompanying affidavits only specifically reference inquiring with three potential experts. [ECF No. 38-2] ¶ 4.

Counsel also cites a delay in obtaining documents she proposes to have a medical expert review, noting "[t]here was a delay in obtaining and serving" certain documents due to prior counsel's unavailability following her surgery. Mot. at. 2–3. Counsel does not attest to facts supporting a finding this delay occurred and constituted good cause. *See* Mot. Ex. A ¶ 13.

Additionally, the reference to prior counsel's surgery is unpersuasive because Defendant's Discovery Status Report was filed after the surgery and makes no mention of this delay.

Counsel has also failed to demonstrate excusable neglect as to the deadlines that were lapsed when she filed the Motion. Before considering the *Pioneer* factors, the Court notes that counsel's allusion to prior counsel's unavailability following her surgery, *see* Mot. at 3–4, fails for two reasons. First, this unavailability occurred only about two weeks before one of the deadlines expired, and there is nothing to indicate prior counsel would have timely met the deadline had the unavailability not occurred. Second, prior counsel filed at least one document in this action after her surgery, before any deadline lapsed, when she filed Defendant's Status Report. [ECF No. 25].[5]

The *Pioneer* factors also support a lack of excusable neglect because while the Court has no reason to doubt Defendant has acted in good faith, the other factors weigh against Defendant. Plaintiffs will be prejudiced by having to conduct further discovery—some of which Defendant does not seem to have previously indicated it needed to conduct—at this juncture, after this case was substantially ready to proceed to trial and Plaintiffs have filed a Motion for Partial Summary Judgment [ECF No. 35].[6] *See Audalus v. Scottsdale Ins. Co.*, 566 F. Supp. 3d 1318, 1323 (S.D. Fla. 2021) (finding prejudice where subsequent briefing on a motion for summary judgment would be required). The length of the delay and its impact on the proceedings weighs against Defendant. While Defendant's counsel claimed she initially required a continuance of approximately two months, she also represented that "[i]t is typically taking [her] 2 to 3 months lead time" to schedule a medical examination. [ECF No. 38] at 5. Additionally, the proposed trial date would only be two to three months after the proposed expert disclosure deadline, but this Court initially scheduled

---

[5] As noted above, Defendant has also been represented by other counsel for the entire proceeding.

[6] Plaintiffs filed this motion on October 25, 2022, six days after Defendant filed its Motion.

trial to begin nearly five months after this deadline to allow the parties to consider and brief any required pre-trial motions following discovery. Finally, the third factor weighs most heavily against a finding of excusable neglect. As discussed above, the only reason for these delays appears to be a lack of diligence on the part of Defendant's counsel in pursuing discovery, and thus the delay was fully within the control of counsel. *See, e.g.*, *Jacobs v. Hudson Real Est. Holdings, LLC*, No. 20-80911, 2021 WL 705785, at *3 (S.D. Fla. Feb. 23, 2021) (noting that carelessness on the part of a litigant's attorney does not constitute excusable neglect). On balance, the *Pioneer* factors weigh against granting any extensions of time or a continuance.

## CONCLUSION

For the foregoing reasons, the Court concludes that Defendant's Motion [ECF No. 34] must be denied. Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion [ECF No. 34] is **DENIED**. The Court will not continue any deadlines contained in its Scheduling Order [ECF No. 16] nor the trial in this matter.

2. The Court indicated that after adjudication of this Motion it would "order supplemental briefing on Plaintiffs' Motion [for Partial Summary Judgment] if necessary." [ECF No. 43]. Because the Court has denied Defendant's Motion, the Court finds supplemental briefing unnecessary and will consider Plaintiffs' Motion for Partial Summary Judgment [ECF No. 35] as briefed.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 23rd day of November, 2022.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**